# EXHIBIT A

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF SUMTER** RECORDED ) | |
| ) | |
| **Dawn J. Bradley** 2015 SEP 23 PM 12:28 ) **Plaintiff(s)** ) | **CIVIL ACTION COVERSHEET** |
| CLERK OF COURT ) U.vs.ER COUNTY, S.C. ) | 2015-CP-43 - 2191 |
| ) | |
| **United Parcel Service, Inc. a/k/a United Parcel Service** | |
| **Defendant(s)** ) | |

| | |
|---|---|
| **Submitted By: Thomas W. Winslow, Esq. and Jessica S. Benson, Esq** | **SC Bar #:**    **73584 (Winslow) 73670 (Benson)** |
| **Address: P.O. Box 829, Murrells Inlet, SC 29576** | **Telephone #:**    **843-357-9301** |
| | **Fax #:**    **843-357-9303** |
| | **Other:**    jessica@goldfinchwinslow.com |
| | **E-mail:**    tom@goldfinchwinslow.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

### *If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____ -NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☒ Employment Discrim (170) | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Other (199) | | ☐ Other (399) | |

| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| **Special/Complex /Other** | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** *Jessica S. Benson*      **Date: September 22, 2015**

SCCA / 234 (06/2015)          Page 1 of 3

**Note:** Frivolous civil proceedings  may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

STATE OF SOUTH CAROLINA ⁓ IN THE COURT OF COMMON PLEAS
COUNTY OF SUMTER                           THIRD JUDICIAL CIRCUIT
                                          Civil Action No.:

DAWN J. BRADLEY,                                         **2015-CP-43-** 2191

                    Plaintiff,                          **SUMMONS**
                                        )
v.                                      )
                                        )
UNITED PARCEL SERVICE, INC a/k/a        )
UNITED PARCEL SERVICE                   )
                                        )
              Defendant.                )
_____)

**TO:   THE ABOVE-NAMED DEFENDANT:**

        YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy

of which is hereby served upon you, and to serve a copy of your answer to this Complaint upon

the subscriber, at the address shown below, within 30 days after service hereof, exclusive of the

day of such service, and if you fail to timely answer the Complaint, judgment by default or

otherwise will be rendered against you for the relief demanded in the Complaint.


                              **GOLDFINCH WINSLOW, LLC**

                    By:      _Jessica A Benson_____

                             Thomas W. Winslow
                             Jessica S. Benson
                             11019 Tournament Blvd., Ste. 202
                             Post Office Box 829
                             Murrells Inlet, SC 29576
                             T: (843) 357-9301
                             F: (843) 357-9303
                             tom@goldfinchwinslow.com
                             jessica@goldfinchwinslow.com
                             ATTORNEYS FOR PLAINTIFF


September 22, 2015
Murrells Inlet, South Carolina

STATE OF SOUTH CAROLINA                )        IN THE COURT OF COMMON PLEAS
COUNTY OF SUMTER                       )        THIRD JUDICIAL CIRCUIT
                                       )        Civil Action No.:
DAWN J. BRADLEY,                       )                                **2015-CP-43-** 2191
                                       )
                Plaintiff,             )        **COMPLAINT**
                                       )        **(Jury Trial Requested)**
v.                                     )
                                       )
UNITED PARCEL SERVICE, INC a/k/a       )
UNITED PARCEL SERVICE                  )
                                       )
                Defendant.             )
_____)

Plaintiff Dawn J. Bradley ("Mrs. Bradley" or "Plaintiff") complaining of the Defendant

United Parcel Service, Inc. a/k/a United Parcel Service ("UPS" or "Defendant") alleges and

shows as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a resident and citizen of Sumter County, State of South Carolina.

2.      Defendant is a business organized and existing under the laws of the State of

South Carolina and at all times relevant herein was doing and continues to do business in the

County of Sumter, State of South Carolina.

3.      This Court has personal jurisdiction of the parties and subject matter of the

claims herein.

4.      Venue in this Court is proper as the acts and/or omissions giving rise to and

resulting in Plaintiff's injuries occurred in Sumter County, State of South Carolina.

### FACTS

5.      Plaintiff incorporates the above allegations by reference.

6.      Mrs. Bradley, an African-American female, began her career as a part time

employee with Defendant on or about February, 1995.

7.     In 2002 Mrs. Bradley worked as a Regular Temporary Driver ("RTD") at the Sumter UPS facility.

8.     Mrs. Bradley only worked as an RTD Driver for 30 days.

9.     From 2002 until February 2014, Mrs. Bradley worked as a clerk\air bid combination.

10.     In February 2014 Mrs. Bradley was awarded a full time driver position with Defendant at the Sumter UPS facility.

11.     It had been twelve years since she worked as an RTD driver and had only done so for 30 days.

12.     Defendant did not suggest or require Mrs. Bradley to attend any computer training for the new full time driver position.

13.     Defendant did not send Mrs. Bradley to driver's training school for this position.

14.     On or about February 3, 2014, Mrs. Bradley drove as a full time package car driver with a supervisor, Gary Hithe ("Mr. Hithe"), from another UPS facility.

15.     Upon returning to the Sumter UPS facility, Mrs. Bradley's business manager and direct supervisor, Jeffrey Stewart ("Mr. Stewart"), asked Mr. Hithe if the ride was done as a safety ride. Mr. Hithe responded that it was not a safety ride and that Mr. Stewart had not instructed him to do so.

16.     Mr. Hithe then told Mr. Stewart that this particular run has too many businesses. This was an issue that needed to be addressed for this run.

17.     Despite this, and the fact that Mrs. Bradley was not sent for any training for twelve years, Defendant did not offer or provide Mrs. Bradley with any additional training.

2

18.     On March 7, 2014 Defendant terminated Mrs. Bradley for failure to follow proper methods, instructions and procedures.

19.     Defendant did not terminate other male employees for the same or similar actions that prompted Mrs. Bradley's termination.

20.     Upon information and belief, Defendant terminated Mrs. Bradley because she was a female employee.

21.     Mrs. Bradley filed a grievance regarding her termination with her Union.

22.     Despite an agreement between Defendant and Mrs. Bradley that Defendant allow a discharged or suspended employee to remain on the job, without loss of pay, until the discharge or suspension is sustained under the grievance procedure, Defendant did not allow Mrs. Bradley to continue to work and would not even allow her into the building until after her local level hearing.

23.     Ms. Bradley suffered loss of all wages and benefits during the time her grievance was pending.

24.     During a hearing on Mrs. Bradley's termination Defendant admitted that she did not have adequate training as an RTD driver.

25.     Defendant offered to reinstate Mrs. Bradley's job only after she agreed to a 25 day suspension without pay.

26.     At this time, Defendant offered Mrs. Bradley driver training but required Mrs. Bradley to attend this training on her own time and at her own expense.

27.     Mrs. Bradley reported back to work on April 14, 2014 but did not accept RTD driver shifts due to fear that she would be unable to perform the job properly after not receiving proper training.

3

28.    On May 22, 2014, Defendant notified Mrs. Bradley that she was to work the 4B route, a full time driver route.

29.    In an effort to learn an alternate route and improve her skills, Mrs. Bradley offered to run a similar route, Route 3C, for a co-worker going on vacation.

30.    Defendant allowed Mrs. Bradley to run the alternate route, 3C, without explaining to her that an on car supervisor should ride with a driver if the individual had never driven a route before. Defendant did not make any effort to provide a supervisor to ride on this route with Mrs. Bradley for the first time.

31.    Mrs. Bradley struggled through the route.

32.    Other drivers offered to help Mrs. Bradley but they were not allowed to do so per the instructions of Mr. Stewart.

33.    Mr. Stewart even instructed an on car supervisor not to assist Mrs. Bradley.

34.    Mrs. Bradley did not punch out of work until 10:13 p.m.

35.    Mrs. Bradley explained to the on car supervisor that packages were still on the package car and needed to be addressed.

36.    Mrs. Bradley would have continued to deliver packages but she was told to be back to the Defendant facility by a certain time so that she would not violate Department of Transportation ("DOT") hours.

37.    When Mrs. Bradley punched out on the DIAD board, she offered to address the remaining packages if the on car supervisor would provide her a different DIAD board so that she would not be violating DOT hours.

38.    Mrs. Bradley was not allowed to do this and instead sent an air driver back out to deliver the packages remaining.

4

39.    Immediately following this event, the on car supervisor called Mr. Stewart while in the presence of Mrs. Bradley, and Mr. Stewart terminated her employment for work abandonment.

40.    Upon information and belief, Defendant terminated Mrs. Bradley because she was a female employee.

41.    Mrs. Bradley filed a grievance with her Union regarding her termination.

42.    Once again Defendant did not allow Mrs. Bradley to work until after her local level hearing, suffering loss of wages and benefits.

43.    On July 11, 2014, Defendant contacted Ms. Bradley and told her Defendant unilaterally changed her termination to a suspension and instructed her to return to work on Monday, July 14, 2014.

44.    On or about September 8, 2014, Defendant and Mrs. Bradley also entered into an agreement in which Defendant agreed to allow Mrs. Bradley to attend the next feeder school. (Ex. 1)

45.    Defendant has not allowed Mrs. Bradley to attend feeder school.

46.    Upon information and belief, Defendant allows and has allowed other male employees to re-attend driver's training school.

47.    Defendant also provides supervised driver training to male employees.

48.    In 2013 Mrs. Bradley's physician placed her on light duty and weight restrictions due to pregnancy.

49.    At the time, her supervisor, Mr. Stewart, refused to provide her with light duty work and instead required her to go on disability.

50.    Mr. Stewart has provided light duty work to other male employees.

5

51.    At all times Mr. Stewart was acting in his capacity as a UPS supervisor.

52.    In September, 2014 Mrs. Bradley filed a claim of sexual discrimination with the EEOC and has exhausted her administrative remedies.

**FIRST CAUSE OF ACTION**
**(Sexual Discrimination)**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*)**

53.    Plaintiff incorporates the above allegations by reference.

54.    During the course of Mrs. Bradley's employment with Defendant, Defendant, by and through its agents and employees, discriminated against Mrs. Bradley in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

55.    Defendant discriminated against Mrs. Bradley in the following particulars, to wit: failing to provide her driver training that is routinely offered to male employees, terminating her based upon actions for which other male employees were not terminated, and providing light duty work to male employees while denying same for Mrs. Bradley.

56.    The above-described unwelcome sex discrimination also created an intimidating, oppressive, hostile and offensive work environment which interfered with Mrs. Bradley's emotional well-being.

57.    Defendant failed to take all reasonable and necessary steps to eliminate discrimination based upon sex from the workplace and to prevent it from occurring in the future.

58.    As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 as described, Mrs. Bradley has suffered lost wages, physical and emotional distress and other damages.

6

## SECOND CAUSE OF ACTION
### (Hostile Work Environment)
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*)

59.    Plaintiff incorporates the above allegations by reference.

60.    By and through its agents and employees, specifically, Mr. Stewart, Defendant engaged in the above referenced discriminatory conduct towards Mrs. Bradley.

61.    Such conduct towards Mrs. Bradley was so severe, pervasive, and unrelenting that it has affected her emotionally and has prevented her from performing job duties.

62.    Defendant's conduct left Mrs. Bradley fearful of contacting or meeting with Mr. Stewart to discuss work.

63.    Defendant's conduct has left Mrs. Bradley fearful to request to drive certain routes that would allow her to make higher wages.

64.    Defendant's conduct towards Mrs. Bradley has been so severe and frequent that it has become physically threatening.

65.    Defendant's conduct has humiliated Mrs. Bradley and caused mental anguish and stress.

66.    Defendant's conduct towards Mrs. Bradley is creating a hostile work environment and is such that would make any reasonable woman believe that the working environment is hostile.

67.    The severe and continual conduct as alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, ("Civil Rights Act") as Defendant has, among other things, discriminated against Mrs. Bradley based on sex by creating and maintaining a hostile work environment.

7

68.    Mrs. Bradley suffered damages as a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act and requests relief as set forth below.

### THIRD CAUSE OF ACTION
(Negligence)

69.    Plaintiff incorporates the above allegations by reference.

70.    Defendant owed a duty of care to Mrs. Bradley to see that she was able to work in a safe and non-hostile environment, free from harassment, injury and sex discrimination.

71.    Upon information and belief, Defendant was aware of Mr. Stewart's discriminatory and hostile behavior toward female employees.

72.    Defendant breached that duty by allowed Mr. Stewart to continue to be employed with Defendant when Defendant was on notice of his behavior towards female employees and by requiring Mrs. Bradley to continue to work with Mr. Stewart.

73.    Mrs. Bradley has suffered damages as a direct and proximate result of Defendant's negligence.

### FOURTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

74.    Plaintiff incorporates the above allegations by reference.

75.    As Mrs. Bradley's employer, Defendant owed her a fiduciary duty to see that she could work in a safe and non-hostile work environment, free from sex discrimination.

76.    Upon information and belief, Defendant was aware of Mr. Stewart's discriminatory and hostile behavior toward female employees.

77.    Defendant breached its fiduciary duty to Mrs. Bradley by allowing Mr. Stewart to continue to be employed with Defendant while on notice of the above mentioned behavior of Mr. Stewart.

8

78.    Mrs. Bradley has suffered damages as a direct and proximate result of Defendant's breach of fiduciary duty.

## FIFTH CAUSE OF ACTION
### (Negligent Retention)

79.    Plaintiff incorporates the above allegations by reference.

80.    Upon information and belief, Defendant has known of Mr. Stewart's discriminatory and hostile behavior towards employees.

81.    Despite being on notice of Mr. Stewart's above mentioned behavior, Defendant continued to employ him.

82.    Mrs. Bradley specifically put Defendant on notice of the mental, emotional and pecuniary injury caused to her through the filing of an EEOC Complaint yet Defendant continued to employ him and required Mrs. Bradley to work with Mr. Stewart.

83.    Mrs. Bradley has suffered damages as a direct and proximate result of Defendant's negligent retention of Stewart.

## SIXTH CAUSE OF ACTION
### (Outrage)

84.    Plaintiff incorporates the above allegations by reference.

85.    Defendant has continuously engaged in the discriminatory and hostile conduct towards Mrs. Bradley and other female employees.

86.    Defendant intentionally and/or recklessly inflicted severe and emotional distress or were certain or substantially certain that such distress would result from the above referenced conduct.

87.    The above mentioned conduct was extreme, outrageous, and exceeds the bounds of decency.

9

88.    The above mentioned conduct is atrocious and utterly intolerable in a civilized community.

89.    Mrs. Bradley suffered emotional distress and pecuniary losses as a result of Defendant's conduct that was so severe that no reasonable woman could be expected to endure it.

## SEVENTH CAUSE OF ACTION
### (Negligent Supervision)

90.    Plaintiff incorporates the above allegations by reference.

91.    At all times relevant herein, Mr. Stewart was acting while on the premises of Defendant.

92.    Defendant knows or should have known of the necessity and opportunity for exercising control of Mr. Stewart, yet failed to supervise his actions towards female employees, including, but limited to, those relating to Mrs. Bradley.

93.    Defendant has a duty to supervise Mr. Stewart.

94.    Defendant breached its duty to supervise Mr. Stewart by allowing him to continuously engage in a discriminatory and hostile manner towards Mrs. Bradley and other female employees.

95.    Mr. Stewart does not demonstrate this behavior to male employees.

96.    Mr. Stewart has continuously engaged in this discriminating, harassing and hostile conduct towards Mrs. Bradley.

97.    Mrs. Bradley suffered damages as a direct and proximate result of Defendant's negligent supervision.

## EIGHTH CAUSE OF ACTION
### (Breach of Contract)

98.    Plaintiff incorporates the above allegations by reference.

99.    On or about September 8, 2014, Mrs. Bradley into an agreement with Defendant in which Defendant promised to allow her to attend the next feeder school.

100.    Defendant breached this agreement by not allowing Mrs. Bradley to attend the next feeder school and still preventing her from receiving training to obtain higher paying positions and promotions and in failing to recognize the important of working in an environment free of discrimination, harassment and retaliation.

101.    Mrs. Bradley suffered damages as a direct and proximate result of Defendant's breach of this agreement.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Compensatory damages against Defendant for Plaintiff's lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future, past and future medical expenses, and other non-pecuniary losses;

2. Exemplary and punitive damages in an amount commensurate with the Defendant's ability and so as to deter future malicious, reckless and/or intentional conduct;

3. Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorney fees, expert witness fees, and other costs;

4. Pre-judgment and post-judgment interest, as provided by law; and

5. For such other and further relief as the Court deems just and proper.

[SIGNATURE PAGE TO FOLLOW]

11

GOLDFINCH WINSLOW

Thomas W. Winslow
Jessica S. Benson
11019 Tournament Blvd., Ste.202
Murrells Inlet, S.C. 29576
Telephone:     (843) 357-9301
Thomas@goldfinchwinslow.com
Jessica@goldfinchwinslow.com

September 22, 2015
Murrells Inlet, South Carolina

Attorneys for Plaintiff

12