IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dawn J. Bradley, | C/A. No. 3:15-cv-4734-CMC |
| Plaintiff | |
| v. | |
| United Parcel Service, Inc., | Order |
| Defendant. | |

Through this action, Plaintiff Dawn Bradley ("Plaintiff") seeks recovery from her current employer, United Parcel Service, Inc. ("Defendant"), for alleged employment discrimination based on her sex and hostile work environment, pursuant to 42 U.S.C. § 2000e, *et seq.*, and for breach of contract. ECF. No. 10, Am. Compl. The matter is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 16.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On March 10, 2016, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss be granted in part and denied in part. ECF No. 21. Specifically, the Magistrate Judge recommended granting dismissal as to Plaintiff's hostile work environment and breach of contract claims, and denying dismissal as to the Title VII sex discrimination claim. *Id.* at 21. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. The parties have filed no objections, and the time for doing so has expired. This matter is now ripe for resolution.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. The court emphasizes that the denial of training, standing alone, may not be sufficient to constitute an adverse employment action, one of the requirements for a discrimination claim. Plaintiff is directed to page 17 of the Report, noting that "[Plaintiff] is reminded that the training claims may be actionable only to the extent they resulted in the adverse action of termination." ECF No. 21.

Defendant's motion to dismiss as to the hostile work environment and breach of contract claims is **granted,** and those claims are dismissed. The motion to dismiss the claim for sexual discrimination is **denied**. The matter shall proceed as to the surviving claim and is remanded to

2

the Magistrate Judge for further pretrial proceedings, including appropriate discovery relevant to

the surviving claim.

**IT IS SO ORDERED.**


s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 13, 2016

3